J-S02020-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMINIC JOHN FRATANGELI | : | |
| | : | |
| Appellant | : | No. 508 EDA 2025 |

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003622-2018

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 11, 2026**

Dominic John Fratangeli (Appellant) appeals, *pro se*, from the order dismissing his timely first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A detailed recitation of the underlying facts is unnecessary to our disposition. On August 22, 2018, the Commonwealth charged Appellant with committing numerous sexual offenses against an adult victim. On March 18, 2021, following a three-day trial, a jury convicted Appellant of one count each of rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, and sexual assault; and two counts of aggravated indecent assault.[1] The jury acquitted Appellant of two counts of indecent

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3124.1, 3125(a)(1), (2).

assault.[2]  On July 7, 2021, the trial court imposed an aggregate sentence of 4 to 10 years' imprisonment.

Appellant timely appealed to this Court, and we affirmed his judgment of sentence.  **See Commonwealth v. Fratangeli**, 289 A.3d 47, 148 EDA 2022 (Pa. Super. 2022) (unpublished memorandum).  On July 26, 2023, our Supreme Court denied Appellant's petition for allowance of appeal.  **See Commonwealth v. Fratangeli**, 302 A.3d 627 (Pa. 2023).

On August 22, 2023, Appellant filed the instant, *pro se* PCRA petition, claiming ineffective assistance of trial counsel.  The PCRA court appointed PCRA counsel, who filed a no-merit letter and motion to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 937 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988) (*en banc*). Appellant filed *pro se* correspondence objecting to the no-merit letter.  After the PCRA court directed PCRA counsel to review and respond to Appellant's correspondence, PCRA counsel filed a supplemental no-merit letter.  The PCRA court subsequently granted PCRA counsel's motion to withdraw.

On December 17, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing.  Appellant filed a *pro se* response to the notice.  On January 15, 2025, the PCRA court entered an order dismissing the petition.

---

[2] 18 Pa.C.S.A. § 3126(a)(1), (2).

Appellant timely appealed.[3, 4] Appellant presents the following questions for our review:

> 1. Was trial counsel "ineffective for not filing a [Pa.R.Crim.P.] 600 motion, when 937 days had elapsed from the filing of the complaint until the start of Appellant's trial"; and was PCRA counsel "ineffective when he wrote a 'no-merit' letter in response to Appellant's [Rule 600] claim[?]" Appellant's Brief at 2.
>
> 2. Was trial counsel "ineffective for failing to object to the [prosecutor's closing] argument …, 'I submit to you the force of having a grown man on top of you[,] holding your legs and you can't get away[,] is enough force to satisfy th[e element of forcible compulsion],' when there was no testimony that [Appellant] was laying on top of the victim"; and was PCRA counsel ineffective for not advancing this claim? *Id.*
>
> 3. Was trial counsel "ineffective for not asking for the jurors to be individually polled about their verdict to make certain [A]ppellant was not de[ni]ed his right to a unanimous verdict"; and was PCRA counsel ineffective for not advancing this claim? *Id.*

---

[3] This Court directed Appellant to show cause why his appeal should not be quashed as untimely, as the PCRA court received and docketed the *pro se* notice of appeal outside the 30-day appeal period. In his response to the show-cause order, Appellant attached a prisoner cash slip indicating he had delivered the notice of appeal to prison authorities within the 30-day period. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence"). This Court subsequently discharged the rule to show cause and referred the issue to the merits panel. We conclude Appellant's *pro se* notice of appeal was timely filed, as evidenced by the prisoner cash slip.

[4] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). The PCRA court's reasons for dismissing the petition are set forth in its Rule 907 Notice and its January 15, 2025, order.

Preliminarily, we observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). *Pro se* litigants "must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects [in an appellant's brief], we will be unable to perform appellate review." **Id.** at 1038 (citation omitted).

Relatedly, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted). "When an appellant's argument is underdeveloped, we may not supply it with a better one. In such situations, we shall not develop an argument for an appellant …; instead, we will deem the issue to be waived." **Commonwealth v. Pi Delta Psi, Inc.**, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citation, quotation marks, and brackets omitted); **see also** Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities).

When reviewing the dismissal of a PCRA petition, we examine "whether the PCRA court's conclusions are supported by the record and free from legal

error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (citation

omitted).

> The PCRA court's findings will not be disturbed unless there is no
> support for the findings in the certified record. This Court grants
> great deference to the findings of the PCRA court, and we will not
> disturb those findings merely because the record could support a
> contrary holding. In contrast, we review the PCRA court's legal
> conclusions *de novo*.

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*)

(citations omitted). A PCRA petitioner "has the burden of persuading [an

appellate c]ourt that the PCRA court erred and that such error requires relief."

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019).

Appellant claims ineffective assistance of his trial and PCRA counsel.[5] A

PCRA petitioner claiming ineffective assistance of counsel

> will be granted relief only when he proves, by a preponderance of
> the evidence, that his conviction or sentence resulted from the
> "[i]neffective assistance of counsel which, in the circumstances of
> the particular case, so undermined the truth-determining process
> that no reliable adjudication of guilt or innocence could have taken
> place."

***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009) (quoting 42

Pa.C.S.A. § 9543(a)(2)(ii)). "[C]ounsel is presumed to be effective, and the

petitioner bears the burden of proving to the contrary." ***Commonwealth v.***

***Brown***, 196 A.3d 130, 150 (Pa. 2018).

---

[5] Our Supreme Court has "held that a PCRA petitioner may 'raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.'" ***Commonwealth v. Robinson***, 320 A.3d 732, 737 (Pa. Super. 2024) (quoting ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021)).

To overcome the presumption of counsel's effectiveness, a PCRA petitioner must plead and prove each of the following three prongs:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." *Commonwealth v. Evans*, 303 A.3d 175, 182 (Pa. Super. 2023)).

Additionally, "[w]here a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the

underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

In his first issue, Appellant argues trial counsel rendered ineffective assistance by failing to file a motion to dismiss under Rule 600; and PCRA counsel rendered ineffective assistance by failing to advance this claim. ***See*** Appellant's Brief at 20-21. Rule 600 mandates, in relevant part, the following:

> [**(A)**](2) Trial shall commence within the following time periods.
>
> > (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
>
> \* \* \*
>
> **(C) Computation of Time**
>
> > (1) For purposes of paragraph (A), ***periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time*** within which trial must commence. ***Any other periods of delay shall be excluded from the computation***.
>
> \* \* \*
>
> **(D) Remedies**
>
> > (1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney … may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. … The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A), (C), (D) (emphasis added).

Instantly, Appellant contests PCRA counsel's conclusion, set forth in his supplemental no-merit letter, that the computation of time under Rule 600—

- 7 -

from the filing of the complaint to the commencement of Appellant's trial—included only 283 days of delay attributable to the Commonwealth. Appellant's Brief at 21-22; **see also** Supplemental No-Merit Letter, 8/28/24, at 1-3. Appellant maintains PCRA counsel improperly attributed the time between March 16, 2020, and July 13, 2020, to the statewide judicial emergency declared by our Supreme Court in connection with the COVID-19 pandemic. Appellant's Brief at 21. Appellant asserts the statewide judicial emergency ended on June 1, 2020. **Id.** (citing **In re Gen. Statewide Jud. Emergency**, 234 A.3d 408 (Pa. 2020)). Appellant apparently disputes the exclusion of the time between June 1, 2020, and his next court date on July 13, 2020, when Appellant requested a continuance. **Id.**; **see also** Supplemental No-Merit Letter, 8/28/24, at 2.

The PCRA court determined Appellant's underlying Rule 600 claim lacked arguable merit. **See** Rule 907 Notice, 12/17/24, at 3. The PCRA court concluded PCRA counsel correctly calculated that fewer than 365 days of delay were attributable to the Commonwealth, and it was therefore unnecessary to reach the question of whether the Commonwealth failed to exercise due diligence with respect to any of that delay. **See** Order, 1/15/25, at 4.

We observe that Appellant's brief fails to clearly assert that the Rule 600 computation should have included more than 365 days of delay attributable to the Commonwealth. **See** Appellant's Brief at 20-23. Even if the time between June 1, 2020, and July 13, 2020, is added to PCRA counsel's

computation, as Appellant urges, the computation still does not exceed 365 days. Moreover, Appellant does not argue the Commonwealth's lack of due diligence with respect to any period of delay. Accordingly, we agree with the PCRA court that Appellant failed to establish his underlying Rule 600 claim has arguable merit. Because "counsel cannot be deemed ineffective for failing to raise a meritless claim," **Treiber**, 121 A.3d at 445, trial counsel cannot be deemed ineffective for failing to file a Rule 600 motion. Additionally, PCRA counsel cannot be deemed ineffective for not pursuing the claim. **See Burkett**, 5 A.3d at 1270.

In his second issue, Appellant argues trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument that "the force of having a grown man on top of you[,] holding your legs and you can't get away[,] is enough force to satisfy" the element of forcible compulsion.[6] Appellant's Brief at 24 (quoting N.T., 3/17/21, at 192). Appellant argues "no testimony was presented that [Appellant] was ever on top of [the victim] holding her legs and that she was unable to get away[.]" **Id.**

Appellant points to the victim's following trial testimony: "[Appellant] put my feet on his shoulders. He … penetrated me, and then he ejaculated…."

_____

[6] "Forcible compulsion" is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied. The term includes, but is not limited to, compulsion resulting in another person's death, whether the death occurred before, during or after sexual intercourse." 18 Pa.C.S.A. § 3101.

- 9 -

N.T., 3/16/21, at 70. The prosecutor asked, "I believe you said your feet were by his head; is that correct?" *Id.* The victim answered, "Correct." *Id.* The prosecutor asked, "And he was holding your legs[?]" *Id.* The victim answered, "Yes." *Id.*

After quoting the above testimony, Appellant proceeds to argue—without reference to the prosecutor's closing argument—that the Commonwealth presented insufficient evidence to support the element of forcible compulsion. *See* Appellant's Brief at 25-26. Appellant cites no authority germane to the issue of an improper prosecutorial statement. *See id.* at 24-26. Appellant fails to develop his argument on that issue;[7] rather, his argument morphs into one challenging the sufficiency of the evidence.[8]

---

[7] It appears Appellant also failed to develop the issue before the PCRA court. In its Rule 907 Notice, the PCRA court opined that Appellant's claim of prosecutorial misconduct was "very unclear," and determined the claim lacked arguable merit because it was too unspecific for the court to address. Rule 907 Notice, 12/17/24, at 2. As the PCRA court pointed out in its January 15, 2025, order dismissing the petition, Appellant's *pro se* response to the Rule 907 Notice "agree[d] with the [PCRA] court['s] holding that the prosecutorial misconduct claim … [was] without merit." Response to Rule 907 Notice, 1/13/25, at 2; *see also* Order, 1/15/25, at 3.

[8] As both the PCRA court and the Commonwealth observe, Appellant previously challenged the sufficiency of the evidence (including the element of forcible compulsion) on direct appeal. *See* Order, 1/15/25, at 1; Commonwealth Brief at 13-17. This Court rejected Appellant's sufficiency challenge. *See Fratangeli*, 289 A.3d 47 (unpublished memorandum at 3). Previously-litigated claims are not eligible for relief under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3).

Accordingly, we deem the issue waived. ***See Pi Delta Psi, Inc.***, 211 A.3d at 884-85.

In his third issue, Appellant argues trial counsel rendered ineffective assistance by failing to request that the trial court individually poll the jurors to confirm the unanimity of the verdict; and PCRA counsel rendered ineffective assistance by failing to advance this claim. Appellant's Brief at 27-29. Appellant notes that during jury deliberations, Juror No. 2 asked to be replaced with an alternate juror, telling the trial court she was "under stress" and was not in agreement with the other jurors. N.T., 3/18/21, at 10; ***see also*** Appellant's Brief at 28.

The trial court denied Juror No. 2's request to be replaced. N.T., 3/18/21, at 13 (trial court stating it did not find Juror No. 2 "to be under any severe distress which would affect her ability to decide the case on her own"). The court reiterated to the jury that its verdict must be unanimous, but that no juror should "feel compelled to surrender your honest belief as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict." ***Id.*** at 13-14; ***see also id.*** at 14 (trial court instructing the jury, "If after further deliberations you are still deadlocked on some or all of the charges, the foreperson should send a note reporting that to me").

The jury thereafter returned a verdict, and the trial court twice asked the jurors—collectively, not individually—to confirm their agreement with the

verdict. ***Id.*** at 17-18 (trial court asking jury, "Is that the verdict of each and every one of you?" and "So say you all?"). The jurors collectively responded in the affirmative both times. ***Id.***

Appellant now asserts that "[i]t is reasonable to infer" that Juror No. 2 "reached a comprom[i]se verdict with her fellow jurors and agreed to a verdict that found [Appellant] guilty on all counts except indecent assault." Appellant's Brief at 28-29. Appellant further asserts that, had trial counsel "asked to have the jury polled, a request that the court was req[u]ired to grant, it is very probable that this would have resulted in the jurors being individually polled." ***Id.*** at 29.

In ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013), this Court confirmed that

> the standard, tripartite test for ineffectiveness must be applied to [a PCRA petitioner's] claim that counsel was ineffective for not asking the court to poll the jury. Additionally, no prong of the test—arguable merit, reasonable basis or prejudice—is to be presumed based on counsel's failure to request that the jury be polled.

***Jones***, 71 A.3d at 1063 (reversing PCRA court order which presumed prejudice resulted from counsel's failure to request polling).

The ***Jones*** Court relied on ***Commonwealth v. Montalvo***, 641 A.2d 1176 (Pa. Super. 1994), in which "the appellant argued trial counsel was ineffective for not asking that the jury be polled," where "the jury foreman had twice announced a unanimous verdict after the jury had deliberated for

- 12 -

less than half an hour." ***Jones***, 71 A.3d at 1063 (citing ***Montalvo***, 641 A.2d at 1186-87).  The ***Montalvo*** Court

> concluded it was "not prepared to hold that trial counsel was ineffective for failing to request that the jury be polled under such circumstances." [***Montalvo***, 641 A.2d] at 1188.
>
> When reaching that result, the ***Montalvo*** panel relied on ***Commonwealth v. Rivers***, … 390 A.2d 197, 200-01 ([Pa. Super.] 1978), a case that also involved a claim of ineffectiveness for failing to ask for a jury poll.  In ***Rivers***, after the jury foreman announced the verdict, the trial court specifically inquired if the jurors' decision was unanimous.  The foreman indicated it was. Also, the court crier asked if all twelve jurors had agreed upon the verdict.  The foreman replied that they had.  A panel of this Court opined that, because the foreman indicated two times that the verdict was unanimous and because the jurors needed only a relatively brief time to reach their decision, the panel would not find counsel ineffective for not asking that the jury be polled. ***Rivers***, 390 A.2d at 201.  As part of its decision, the panel in ***Rivers*** noted that counsel could "not be deemed ineffective for not pursuing a non-meritorious or fruitless motion."  ***Id.***

***Jones***, 71 A.3d at 1063.

Instantly, the PCRA court thoroughly analyzed the trial record regarding Juror No. 2's request to be replaced, the trial court's subsequent instructions to the jury, and the jurors' collective confirmation of their agreement with the verdict.  ***See*** Rule 907 Notice, 12/17/24, at 3-8.  Relying on ***Jones***, ***Montalvo***, and ***Rivers***, the PCRA court concluded that because "the jury on two occasions … orally" confirmed the verdict's unanimity, Appellant's underlying claim lacked arguable merit.  ***Id.*** at 7-8.

Our review confirms the PCRA court's findings are supported by the record, and its legal reasoning is sound.  We observe that Appellant fails to

clearly argue that an individual polling of the jurors might have revealed that the verdict was not unanimous. *See* Appellant's Brief at 27-29. Rather, Appellant merely "infer[s]" that Juror No. 2 "**agreed**" to a compromise verdict. *Id.* at 29 (emphasis added). We therefore agree with the PCRA court that Appellant failed to establish his underlying claim has arguable merit. Appellant's third and final issue merits no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2026